UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21915-GAYLES

MICHAEL MENNELLA,
an individual,

    Plaintiff,
v.

AMERICAN AIRLINES, INC.,
a foreign corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant American Airlines, Inc.'s, Motion to Dismiss Count II of Plaintiff Michael Mennella's Amended Complaint (the "Motion") [ECF No. 16]. The Court has reviewed the Motion and the record, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

### I. BACKGROUND

Plaintiff brings this action against Defendant asserting claims for defamation per se, negligence, and a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq., ("ADA").[1] Plaintiff is a double amputee who wears two below-the-knee prostheses. Plaintiff qualifies a person with a disability under the ADA as he is limited in one or more major life activities including, but not limited to, walking and ambulating. Plaintiff alleges that on August 28, 2016, Defendant violated the ADA by failing to provide him with reasonable accommodations prior to, and during, his travel on AA Flight 2059 from Miami International

---

    1    While Defendant correctly notes that Plaintiff occasionally incorrectly cites to 42 U.S.C. § 12132 ("Title II"), which only applies to public entities, as the basis for his *Title III* claim; the Court, viewing the allegations in the light most favorable to Plaintiff, construes Plaintiff's allegations as asserting a claim under Title III of the ADA.

1

Airport to Las Vegas, Nevada. Plaintiff alleges that Defendant failed to provide him with a wheelchair, failed to assist him with placing his prostheses in an overhead bin, and failed to provide him with ice and/or aspirin when requested. Plaintiff further alleges that Defendant falsely reported that he was intoxicated and diverted the flight to Texas where he was escorted off the plane by local law enforcement.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. DISCUSSION

Defendant moves to dismiss Count II of the Amended Complaint on the grounds that Title III of the ADA does not apply to a private airline, airport terminal, or the air travel at issue in this case. As Defendant's Motion presents an issue of statutory interpretation, the Court begins its analysis with a review of the plain text of the ADA.

Title III of the ADA prohibits discrimination in public accommodations, commercial facilities, and specified public transportation. *See* 42 U.S.C. §§12181 – 12184. Pursuant to the

ADA, a "public accommodation" includes "a terminal, depot, or other station used for *specified public transportation*." *See* 42 U.S.C. § 12181(7)(G) (emphasis added). The ADA further defines "specified public transportation" as "transportation by bus, rail, or any other conveyance (*other than by aircraft*) that provides the general public with general or special service (including charter service) on a regular and continuing basis." 42 U.S.C. § 12181(10) (emphasis added). Read in conjunction, these statutory provisions clearly establish that airplanes and terminals used for air travel are excluded from coverage under Title III of the ADA. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997) ("When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete.") (citations omitted).

Courts who have analyzed the scope of the ADA in relation to air travel have reached the same conclusion as this Court. *See Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1332 (11th Cir. 2004) (stating that airlines "are largely not even covered by Title III of the ADA" but "[r]ather, airplanes and their accompanying terminals and depots are covered by another disability-access statute, the pre-ADA Air Carriers Access Act…"); *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1003 (9th Cir. 2013) (relying on guidance from the Department of Justice to hold that Title III does not cover "[t]he operations of any portion of any airport that are under the control of an air carrier"); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 598-99 (2d Cir. 2011) (holding that "[a]ir carriers are not liable under [the ADA] for disability discrimination in the provision of services related to air transportation"); *Love v. Delta Air Lines*, 179 F. Supp. 2d 1313, 1316 (M.D. Ala. 2001) (noting that "[a]irlines are not included in the statutory definitions of 'commercial facilities,' . . . or 'public accommodation,'" and that "aircraft are expressly

3

excepted from the statutory definition of 'specified public transportation . . .'"), *rev'd on other grounds,* 310 F.3d 1347 (11th Cir. 2002).[2]

In his opposition memorandum, Plaintiff fails to cite any legal authority in support of his contention that he has stated a valid claim under the ADA. Plaintiff cites to *Bynum v. Am. Airlines, Inc.,* 166 F. App'x 730 (5th Cir. 2006), ostensibly for the proposition that claims involving air travel are covered under the ADA. However, Plaintiff's reliance on *Bynum* is misplaced as it did not abrogate the district court's underlying holding that air travel claims are not cognizable under the ADA. *Bynum,* 166 F. App'x at 733. Rather, *Bynum* goes only so far as to hold that bringing a claim against an airline pursuant to the ADA was not frivolous enough to warrant sanctions under Rule 11. *Id.* (holding that the law in the Fifth Circuit was not so well-settled that the ADA did not apply to airplanes to warrant the imposition of sanctions against the plaintiff for asserting such a claim).

The Court is similarly unpersuaded by Plaintiff's attempt to distinguish this case by alleging that he was subject to discrimination at the terminal, on the aircraft, and the return airport as all of these places have been construed as exempt under Title III of the ADA. *See Lopez,* 662 F.3d at 598-99 (holding that "public transportation terminals, depots, or stations used primarily to facilitate air transportation are not 'public accommodation[s]' for purposes of Title III of the ADA"); *Gilstrap,* 709 F.3d at 1003. While Plaintiff's allegations, taken as true, may raise valid concerns regarding his treatment, the Court cannot rely on such circumstances to "justify" expanding the scope of the ADA beyond what Congress has stated. *Merritt*, 120 F.3d at

---

[2] *See also Seymour v. Cont'l Airlines, Inc.,* 09-526-ML, 2010 WL 3894027, at *4 (D.R.I. June 11, 2010) (stating that claims against airlines are excluded from the reach of the ADA); *Segalman v. Sw. Airlines*, 913 F. Supp. 2d 941, 947 (E.D. Cal. 2012) (holding that "because aircraft is not 'specific public transportation' as defined under the ADA, and the airport terminal is not a place of public accommodation for ADA purposes, Plaintiff's ADA claim must be dismissed").

1187 (stating that "[c]ourts have no authority to alter statutory language . . . . We cannot add to the terms of [the] provision what Congress left out").

In this case, Plaintiff cannot state a claim under Title III of the ADA because the alleged discrimination occurred at a terminal used primarily for air transportation and on an airplane. It is clear that Title III does not provide a cause of action against a private airline such as Defendant under these circumstances.

## IV.  CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 20] is **GRANTED**. Count II of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE